Nash, J.
 

 The defendant was indicted for an assault and battery upon an officer. A search warrant was issued by a justice of the peace, upon due information made to him, commanding the officer “ to search the premises of the defendant” (for certain stolen property) “and, if found there, to bring it and the defendant before the magistrate, granting the warrant, or some other justice of the
 
 *243
 
 peace of the County, to be dealt .with according to law. Given under my hand and seal this 30th Sept. 1849.
 

 Jas. Sharp,” [J. P.]
 

 This warrant was placed in the hands of the prosecutor, who was an officer of the County, and, in endeavoring to execute it, the assault was made, For the defendant it was insisted, that the warrant was void for want of a seal and for other defects apparent upon its face.— The Court was of opinion that it had a seal attached, and that it was otherwise sufficient in law to justify the ■officer in arresting the defendant. The jury found the defendant guilty, and from the judgment on the verdict the defendant appealed.
 

 It is certain, a seal is essential to every warrant, issued by a magistrate to arrest any person upon a criminal charge. If there be no seal, the precept is void and- affords no protection to the officer attempting to execute it; and, if its execution is resisted by the defendant, he is guilty of no offence against the law, though, in doing so, the person of the officer be assaulted.
 
 Welch
 
 v.
 
 Scott, 5
 
 Ired. 72. The question, whether there be a seal or not, attached to the warrant, is one exclusively for the judge, who tries the cause, to be decided by him upon inspection, and is a mixed one of law and fact. In this case his Honor below decided, that the scroll affixed to the name of the magistrate, and certified by him to be his seal, was a seal. Thereby the/«c£ of its existence was adjudicated. This Court is established to correct errors of law, and not errors of fact. If, therefore, the judge had erred in his judgment in the matter of fact submitted to him, we could not correct the error.
 
 State
 
 v.
 
 Isham,
 
 3 Hawks. 185. What were the other defects in the warrant, upon which the defendant relied, we are not informed, and are not able, upon an inspection of it, to ascertain.
 

 Per Curiam. Judgment -affirmed,